**Nos. 25-3030, 25-3034**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; et al.,
*Plaintiffs - Appellees,*

v.

DONALD J. TRUMP, in his official capacity as President of the United States; et al.,
*Defendants - Appellants.*

---

On Appeal from the United States District Court
for the Northern District of California

---

In re DONALD J. TRUMP.

---

On Petition for Writ of Mandamus to the United States District Court
for the Northern District of California

---

# BRIEF AMICI CURIAE OF FORMER GOVERNMENT OFFICIALS AND ADVISORS IN OPPOSITION TO EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR STAY PENDING APPEAL/PETITION FOR WRIT OF MANDAMUS

Michael S. Kwun
Kate E. Lazarus
Amy Le
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Carey R. Dunne
FREE AND FAIR LITIGATION GROUP, INC.
266 W. 37th St., 20th Floor
New York, NY 10018
(646) 434-8604

*Counsel for Amici Curiae Donald B. Ayer, Ty Cobb, Barbara Comstock, Mickey Edwards, Philip Lacovara, Michael Luttig, Carter Phillips, Trevor Potter, Alan Charles Raul, Paul Rosenzweig, Robert Shanks, Fern Smith, William Joseph Walsh, and Christine Todd Whitman*

# TABLE OF CONTENTS

Table of Authorities .......... ii

Introduction .......... 1

Statement .......... 2

Summary of Argument .......... 4

Argument .......... 5

I. The Constitution does not authorize Executive Order 14210. .......... 6

II. Congress did not authorize Executive Order 14210. .......... 8

III. Executive Order 14210 usurps Congress's legislative powers. .......... 9

Conclusion .......... 10

Certificate of Compliance .......... 12

## TABLE OF AUTHORITIES

### Constitutional Provisions

U.S. CONST. art. I, § 8, cl. 18 .......... 7

U.S. CONST. art. II, § 1, cl. 1 .......... 6

U.S. CONST. art. II, § 3 .......... 9, 10

### Cases

*INS v. Chadha,* 462 U.S. 919 (1983) .......... 6

*Myers v. United States,* 272 U.S. 52 (1926) .......... 7

*Nken v. Holder,* 556 U.S. 418 (2009) .......... 11

*Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579 (1952) .......... 6, 10

### Legislative Materials

5 U.S.C. § 901(d) .......... 8

5 U.S.C. § 903 .......... 8

5 U.S.C. § 906(a) .......... 9

H.R. 1295, 119th Cong. (2025) .......... 9

Pub. L. No. 89-554, 80 Stat. 378 (1966) .......... 8

Pub. L. No. 98-614, 98 Stat. 3192 (1984) .......... 9

### Executive Materials

Exec. Order No. 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025) .......... 1

**Other Materials**

THE FEDERALIST NO. 48 (James Madison) ............................................................5

THE FEDERALIST NO. 51 (James Madison) ............................................................5

Paul J. Larkin & John-Michael Seibler, *The President's Reorganization Authority,* Heritage Found. Legal Memorandum No. 210 (July 12, 2017) ...........6

Gary Lawson, *Necessary and Proper Clause,* THE HERITAGE GUIDE TO THE CONSTITUTION (2d ed. 2014) .........................................................................7

Alan Charles Raul, Opinion, *Trump Cannot Remake the Government with the Stroke of a Sharpie,* WASH. POST, May 5, 2025 ..............................................5

Press Release, H. Comm. on Oversight & Gov't Reform, Chairman Comer and Senator Lee Introduce Bill to Fast-Track President Trump's Government Reorganization Plans (Feb. 13, 2025)...............................................9

## INTRODUCTION

*Amici curiae* file this brief in opposition to the government's[1] motion for a stay of the district court's temporary restraining order enjoining the ongoing implementation of Executive Order No. 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025). That executive order contemplates "a critical transformation of the Federal bureaucracy." 90 Fed. Reg. at 9669. It directs the restructuring of entire federal agencies, the elimination of government programs and functions, and the drastic reduction of the number of employees within every agency.

The district court properly held that this sweeping reworking of federal agencies cannot be accomplished by Presidential fiat alone. The agencies of the executive branch are not the President's possessions to be reshaped or discarded as he sees fit. The agencies were created by Congress pursuant to its sweeping legislative powers; their fundamental reworking therefore requires Congressional authorization.

The district court's temporary restraining order recognizes this basic principle, and thus finds support in the Constitution, federal statutes, and applicable case law. In this brief, *amici* highlight how the President's wide-ranging executive

[1] This brief uses "government" to refer to Defendants - Appellants in No. 25-3030 and Petitioners in No. 25-3034. It uses "plaintiffs" to refer to Plaintiffs - Appellees in No. 25-3030 and Real Parties in Interest in No. 25-3034.

order violates the separation of powers and the carefully constructed checks and balances that are foundational to our system of government and clearly established in the law.

The government's motion for a stay should be denied.

## STATEMENT[2]

*Amici* are conservatives and include former public officials who were elected as Republicans, appointed by Republicans, or served in Republican administrations. *Amici* and their backgrounds[3] are as follows:

- Donald B. Ayer, Deputy Attorney General in the George H.W. Bush Administration from 1989 to 1990; Principal Deputy Solicitor General in the Reagan Administration from 1986 to 1988; United States Attorney for the Eastern District of California from 1981 to 1986 in the Reagan Administration.

- Ty Cobb, Special Counsel to the President in the Trump Administration from 2017 to 2018.

- Barbara Comstock, Representative of the 10th Congressional District of Virginia from 2015 to 2019 (R).

---

[2] All parties have consented to the filing of this brief. No party's counsel authored this brief in whole or in part. No party or a party's counsel contributed money that was intended to fund preparing or submitting the brief. No person other than *amici* or their counsel contributed money that was intended to fund preparing or submitting the brief.

[3] *Amici* are listed in alphabetical order by last name. All former affiliations are listed for identification purposes only. The *amici* join this brief in their individual capacities, and not on behalf of any current or former affiliated agencies or organizations.

- Mickey Edwards, Representative of the 5th Congressional District of Oklahoma from 1977 to 1993 (R).

- Philip Lacovara, Counsel to the Special Prosecutor, Watergate Special Prosecutor's Office in the Nixon Administration from 1973 to 1974; Deputy Solicitor General of the United States in the Nixon administration from 1972 to 1973.

- Michael Luttig, Circuit Judge, United States Court of Appeals appointed by George H.W. Bush from 1991 to 2006; Assistant Attorney General, Office of Legal Counsel and Counselor to the Attorney General in the Bush Administration from 1990 to 1991; Assistant Counsel to the President in the Reagan Administration from 1981 to 1982.

- Carter Phillips, Assistant to the Solicitor General in the Reagan Administration from 1981 to 1984.

- Trevor Potter, General Counsel to John McCain's Presidential Campaigns in 2000 and 2008; Special Assistant, Office of Legal Policy, Department of Justice, from 1982 to 1984.

- Alan Charles Raul, Associate Counsel to the President in the Reagan Administration from 1986 to 1988; General Counsel to Office of Management and Budget from 1988 to 1989 in the Reagan and George H.W. Bush Administrations; General Counsel to U.S. Department of Agriculture from 1989 to 1993 in the George H.W. Bush Administration; Vice Chairman of the Privacy and Civil Liberties Oversight Board from 2006 to 2008 in the George W. Bush Administration.

- Paul Rosenzweig, Deputy Assistant Secretary for Policy, Department of Homeland Security in the George W. Bush Administration from 2005 to 2009.

- Robert Shanks, Deputy Assistant Attorney General, Office of Legal Counsel in the Reagan Administration from 1981 to 1984.

- Fern Smith, Judge of the U.S. District Court for the Northern District of California appointed by President Reagan from 1988 to 2005.

- William Joseph Walsh, Representative of the 8th Congressional District of Illinois from 2011 to 2013 (R).

- Christine Todd Whitman, Governor of New Jersey from 1994 to 2001 (R); Administrator of the Environmental Protection Agency in the George W. Bush Administration from 2001 to 2003.

These *amici* have collectively spent decades in public service in the federal government and state governments. They share a commitment to limited government and the rule of law. They write out of concern that the separation of powers and checks and balances built into our Constitution are under threat because of the government's conduct.

## SUMMARY OF ARGUMENT

The President's executive order is an unauthorized incursion into the power of Congress. First, the Constitution vests all legislative power in Congress, including the power to create and organize the offices and departments of the federal government. Second, Congress has not authorized the "critical transformation of the Federal bureaucracy" contemplated by Executive Order 14210; Congress last authorized the President to transmit reorganization plans to it over forty years ago, and even when it authorized such transmittal, to take effect the plans had to be approved by Congress. Because the President issued Executive

Order 14210 without authority, the district court's finding that the plaintiffs are likely to succeed on their claims is correct.

## ARGUMENT

The constitutional genius of America is the establishment of three branches of government that must cooperate with each other, and check and balance each other's actions, to govern the country. In discussing "the necessary partition of power among the several departments," the Framers contemplated an "interior structure of the government" that would provide "the means of keeping each other in their proper places." THE FEDERALIST NO. 51 (James Madison). They understood that the branches' functions were not designed to be "wholly unconnected" and "should not be so far separated as to have no constitutional control over each other." THE FEDERALIST NO. 48 (James Madison).

Unchecked presidential power is not what the Framers had in mind.[4] Although the Constitution vests the President with all executive authority, it vests Congress with all legislative authority, including, significantly, the power to set fundamental policies and procedures for the executive branch. By proclaiming and implementing Executive Order 14210, the President has usurped for himself the power to restructure entire federal agencies, which can only be accomplished

[4] Alan Charles Raul, Opinion, *Trump Cannot Remake the Government with the Stroke of a Sharpie,* WASH. POST, May 5, 2025, https://wapo.st/4ja6F69.

through the constitutionally mandated collaboration between the President and Congress.

**I. The Constitution does not authorize Executive Order 14210.**

"The President's power, if any, to issue [an executive] order must stem either from an act of Congress or from the Constitution itself." *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 585 (1952). President Trump lacked any such authority to issue Executive Order 14210.

The President's constitutional authority is set forth in Article II. U.S. CONST. art. II, § 1, cl. 1. The President has no constitutional legislative authority. *INS v. Chadha,* 462 U.S. 919, 951, 956–59 (1983); *Youngstown,* 343 U.S. at 655 (Jackson, J., concurring). And none of the President's enumerated powers in the Constitution entitle the President to unilaterally initiate and carry out a massive restructuring of the executive branch. *See* Paul J. Larkin & John-Michael Seibler, *The President's Reorganization Authority,* Heritage Found. Legal Memorandum No. 210, at 3 (July 12, 2017).[5]

The Constitution instead grants *Congress* the authority to "make all Laws which shall be necessary and proper for carrying into Execution" not just the Article I legislative powers, but also any necessary and proper laws for "all other

[5] https://www.heritage.org/sites/default/files/2017-07/LM-210_0.pdf.

Powers vested by this Constitution in the Government of the United States . . . ." U.S. CONST. art. I, § 8, cl. 18. Since the nation's founding, federal courts therefore have recognized that the Constitution gives the legislative power to create, regulate, and restructure federal agencies to Congress. *Myers v. United States,* 272 U.S. 52, 129 (1926).

Thus, under the scheme adopted by the Founders in the Constitution, Congress—not the President—creates and organizes the offices and departments of the federal government by virtue of the Necessary and Proper Clause. Indeed, "among Congress's first acts were establishing executive departments and staffs . . . ." Gary Lawson, *Necessary and Proper Clause,* THE HERITAGE GUIDE TO THE CONSTITUTION (2d ed. 2014).[6]

The President, pursuant to his executive powers, can direct the offices and departments of the federal government to carry out—to "execute"—the laws that Congress has enacted. But he cannot cripple those agencies or so transform them that they are unable to carry out the purposes for which Congress created them. He lacks the power to reshape the entire federal bureaucracy because he does not like the tools that Congress has given him.

[6] http://www.heritage.org/constitution/#!/articles/1/essays/59/necessary-and-proper-clause.

## II. Congress did not authorize Executive Order 14210.

Neither has Congress exercised its power to authorize the President to implement Executive Order 14210. At times, Congress has authorized the President to transmit executive reorganization plans to it. But Congress last did so over forty years ago, and that authorization expired in 1984. And even that now-expired authorization required that Congress approve any such plans prior to them taking effect.

In 1966, Congress enacted title 5 of the United States Code as positive law. *See* Pub. L. No. 89-554, 80 Stat. 378 (1966). Chapter 9 of title 5 addressed Executive Reorganization. *See* 80 Stat. at 393. It provided that the President should, from time to time, "examine the organization of all agencies" to determine any changes necessary to, in essence, improve their functioning. *See id.* at 394; *see also* 5 U.S.C. § 901(d). Congress also authorized the President to submit reorganization plans to Congress under certain circumstances. *See* 80 Stat. at 394–95; *see also* 5 U.S.C. § 903. Section 905(b) of title 5 provided that any such reorganization plan had to be "transmitted to Congress before December 31, 1968." 80 Stat. at 396. Congress amended the deadline for the President to transmit reorganization plans several times—most recently in 1984, when it amended section 905(b) to allow the President to transmit reorganization plans to Congress

"on or before December 31, 1984." Pub. L. No. 98-614, 98 Stat. 3192, 3192 (1984); 5 U.S.C. § 905(b).

In February of this year, Rep. James Comer (R-Kentucky) introduced the Reorganizing Government Act of 2025. H.R. 1295, 119th Cong. (2025). The bill would allow "Congress to fast-track President Trump's government reorganization plans by renewing a key tool to approve them swiftly in Congress." Press Release, H. Comm. on Oversight & Gov't Reform, Chairman Comer and Senator Lee Introduce Bill to Fast-Track President Trump's Government Reorganization Plans (Feb. 13, 2025).[7] Among other things, the bill proposes to amend 5 U.S.C. § 905(b) to authorize the President to transmit reorganization plans to Congress on or before December 31, 2026. H.R. 1295 § 2. Congress has not passed that bill, so it cannot provide authority for the President's executive order. Moreover, even were Congress to renew the President's authority to submit reorganization plans to Congress, a reorganization plan could take effect only if adopted by Congress. *See* 5 U.S.C. § 906(a).

**III. Executive Order 14210 usurps Congress's legislative powers.**

The Constitution requires that the President "take Care that the Laws be faithfully executed." U.S. CONST. art. II, § 3. If the President disagrees with the

[7] https://oversight.house.gov/release/chairman-comer-and-senator-lee-introduce-bill-to-fast-track-president-trumps-government-reorganization-plans/.

legislative choices made by Congress—if he believes, for example, that the government is bloated, spending is out of control, or that programs and policies are poorly conceived—under our Constitutional scheme, he may recommend to Congress corrective measures that he deems "necessary and expedient." *Id.* But the President cannot take unilateral action to implement his desired measures without Congressional action.

The Supreme Court's decision in *Youngstown* illustrates the limitations on the President's powers. There, the Court struck down President Truman's executive order taking possession of most of the nation's steel mills, which President Truman claimed was necessary to prevent a nationwide strike that would jeopardize national security. 343 U.S. at 583. The Supreme Court held, however, that the executive order usurped legislative power, and was impermissible in the absence of a law from Congress or a clear authorization in the Constitution itself. *Id.* at 588–89. Because Executive Order 14210 is not grounded in any such authorization, it—like President Truman's executive order—improperly usurps Congress's legislative power.

## CONCLUSION

The wisdom of the Founders in creating a system of checks and balances, and the separation of power principles underlying *Youngstown,* should guide the Court in considering whether the government has made a strong showing that it is

likely to succeed on the merits. *Nken v. Holder,* 556 U.S. 418, 434 (2009). The President's actions are based in radical claims of powers that do not exist. For the foregoing reasons, *amici* respectfully request that the Court deny the government's motion for a stay.

Respectfully submitted,

KWUN BHANSALI LAZARUS LLP

Dated: May 19, 2025

By: */s/ Michael S. Kwun*

Michael S. Kwun
*mkwun@kblfirm.com*
Kate E. Lazarus
*klazarus@kblfirm.com*
Amy Le
*ale@kblfirm.com*
555 Montgomery Street, Suite 750
San Francisco, CA 94111
(415) 630-2350

Carey R. Dunne
*carey@freeandfair.org*
FREE AND FAIR LITIGATION GROUP, INC.
266 W. 37th St., 20th Floor
New York, NY 10018
(646) 434-8604

*Counsel for Amici Curiae Donald B. Ayer, Ty Cobb, Barbara Comstock, Mickey Edwards, Philip Lacovara, Michael Luttig, Carter Phillips, Trevor Potter, Alan Charles Raul, Paul Rosenzweig, Robert Shanks, Fern Smith, William Joseph Walsh, and Christine Todd Whitman*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-3030, 25-3034

I am the attorney or self-represented party.

**This brief contains** 2,204 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[×] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated ______________.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Michael S. Kwun* **Date** May 19, 2025
*(use "*s/[typed name]*" to sign electronically-filed documents)*