No. 25-3034

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

In re Donald J. Trump, in his official capacity as President of the United States, et al.,
*Petitioners-Defendants*,

v.

United States District Court for the Northern District of California,
*Respondent*,

American Federation of Government Employees, AFL-CIO (AFGE), et al.,
*Real Parties in Interest-Plaintiffs*.

_____

ON PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
No. 3:25-cv-03698-SI
The Honorable Judge Susan Illston

_____

## REAL PARTIES IN INTEREST-PLAINTIFFS' OPPOSITION
## TO MOTION FOR STAY PENDING
## RESOLUTION OF MANDAMUS PETITION

_____

Elena Goldstein
Skye Perryman
Tsuki Hoshijima
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090
egoldstein@democracyforward.org
sperryman@democracyforward.org

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
dleonard@altber.com

*Attorneys for Real Parties in Interest-Plaintiffs**
**additional counsel and affiliations on signature pages*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

BACKGROUND ...................................................................................3

STANDARD ...................................................................................7

DISCUSSION ...................................................................................8

    A.    No Urgency or Irreparable Injury Requires Issuance of an Emergency Stay.................................................................................................8

    B.    Mandamus is Unlikely to Be Granted.........................................9

        1.    The ARRPs are relevant to the litigation............................11

        2.    The District Court's measured order requiring limited disclosure for *in camera* review was appropriate, not error.........................................13

        3.    An order requiring disclosure of all the ARRPs would not be erroneous either ......................................................................................16

CONCLUSION........................................................................................20

CERTIFICATE OF COMPLIANCE........................................................28

FILER'S ATTESTATION .........................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Otro Lado v. Wolf*
   952 F.3d 999 (9th Cir. 2020) ..................................................................7

*Assembly of State of Cal. v. U.S. Dep't of Com.*
   968 F.2d 916 (9th Cir. 1992) ................................................................17

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. of Mont.*
   408 F.3d 1142 (9th Cir. 2005) ..............................................................10

*Cheney v. U.S. Dist. Ct. for D.C.*
   542 U.S. 367 (2004).........................................................................9, 10

*Coastal States Gas Corp. v. Dep't of Energy*
   617 F.2d 854 (D.C. Cir. 1980).................................................16, 17, 19

*Doe #1 v. Trump*
   957 F.3d 1050 (9th Cir. 2020) ............................................................8, 9

*East Bay Sanctuary Covenant v. Biden*
   993 F.3d 640 (9th Cir. 2021) ..................................................................7

*FTC v. Warner Commc'ns Inc.*
   742 F.2d 1156 (9th Cir. 1984) .....................................................*passim*

*Karnoski v. Trump*
   926 F.3d 1180 (9th Cir. 2019) .............................................................19

*Kerr v. U.S. Dist. Ct. for N. Dist. of California*
   511 F.2d 192 (9th Cir. 1975) ...........................................................2, 13

*Lahr v. Nat'l Transp. Safety Bd.*
   569 F.3d 964 (9th Cir. 2009) ...............................................................13

*Landry v. F.D.I.C.*
   204 F.3d 1125 (D.C. Cir. 2000).........................................................15

*Nken v. Holder*
 556 U.S. 418 (2009)............................................................7

*Ochoa v. Davis*
 50 F.4th 865 (9th Cir. 2022) .........................................10

*Pac. Fisheries, Inc. v. United States*
 539 F.3d 1143 (9th Cir. 2008) ................................14, 18

*In re Perez*
 749 F.3d 849 (9th Cir. 2014) ...............................9, 10, 11

*Pizzuto v. Tewalt*
 __F.4th__, 2025 WL 1391454 (9th Cir. May 14, 2025) .........................2, 11, 19

*Reps. Comm. for Freedom of the Press v. FBI*
 3 F.4th 350 (D.C. Cir. 2021).........................................19, 20

*In re Roman Cath. Archbishop of Portland in Oregon*
 661 F.3d 417 (9th Cir. 2011) .............................................20

*In re Toma*
 2023 WL 8183567 (9th Cir. Oct. 12, 2023) .......................................7

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*
 592 U.S. 261 (2021).........................................................14

*United States v. Gonzalez–Flores*
 418 F.3d 1093 (9th Cir. 2005) .......................................10

## INTRODUCTION

Real Parties in Interest-Plaintiffs—a coalition of veterans, small business, labor, and conservation organizations along with cities and counties from across the country (hereinafter "Plaintiffs")—respectfully submit this response to the emergency motion for a stay pending petition for mandamus filed by Petitioners-Defendants Donald J. Trump et al. (hereinafter "Defendants").

Defendants filed their mandamus petition and emergency stay motion prematurely, while their deliberative process objections and request for reconsideration were pending in the District Court. Shortly after Defendants filed in this Court, the District Court ruled on those pending requests, staying Defendants' production deadline and ordering briefing on their privilege assertion. The District Court then reconsidered its decision, required only the limited submission of a small number of documents for *in camera* and attorneys'-eyes-only review, and scheduled argument on Defendants' deliberative process privilege assertions for May 22, 2025. The original order challenged here has thus been superseded, the District Court is now considering Defendants' objections, and this stay motion is moot. Defendants should be required to address their objections in the first instance to the District Court, at the upcoming hearing. The requested stay (and the underlying mandamus petition) should be summarily denied.

Even if, at the time Defendants filed this stay application, there had been any basis for this Court to issue a stay (and there was not), there certainly can be no basis for this Court to interfere with the District Court's measured and sensible order providing for *in camera* review that the court deemed necessary to fully

-1-

evaluate Defendants' deliberative process privilege claim (which is a "qualified" privilege that may be overcome if a litigant's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure," *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). *See Pizzuto v. Tewalt*, __F.4th__, 2025 WL 1391454, at *10 (9th Cir. May 14, 2025) (en banc) ("A district court has wide latitude in controlling discovery[.]" (quotation omitted)). There is also no risk of imminent or irreparable harm to Defendants, because the District Court entered an attorneys'-eyes-only protective order preventing disclosure of those limited documents to anyone other than the Court and Plaintiffs' counsel. That alone would provide sufficient reason to deny the requested emergency stay.

Further, the stay request should be denied because Defendants are not likely to succeed on their mandamus petition. Even if the District Court were ultimately to order production of all documents after *in camera* review and the upcoming hearing on Defendants' qualified privilege objections, the "granting of mandamus as to discovery orders is limited" and requires "exceptional circumstances" and error that amounts to "usurpation by the district court." *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 199 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976). Defendants come nowhere close to meeting that standard. Instead, they seek to have this Court preemptively stay and then overturn current and future District Court orders regarding discovery relevant to an immediately pending preliminary injunction hearing—all of which are solidly within the District Court's discretion.

For these reasons, the emergency stay motion should be denied.

## BACKGROUND

Plaintiffs' claims in this case challenge the President's large-scale reorganization of the entire federal government without congressional authorization pursuant to Executive Order 14210 ("EO"), and implementation of that EO through a February 26, 2025 Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM") Memorandum ("Memo"). Add.1-127. Among other things, the EO and Memo require federal agencies across the government to reorganize, to engage in large-scale reductions-in-force ("RIFs"), and to submit, for review and approval, agency RIF and Reorganization Plans ("ARRPs"). Add.47-51, 371.

Plaintiffs contend that Defendants' actions are *ultra vires* and violate the Administrative Procedure Act, and Plaintiffs filed a motion for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue, requesting that Defendants be ordered to halt their ongoing and imminent implementation of the EO and Memo. Add.128-219. In that motion, Plaintiffs presented substantial evidence that the agencies were acting consistent with and apparently pursuant to the orders and directives of the President and his agents, and that Defendants were refusing to reveal the decision-making process or contents of their actions implementing the EO and Memo. Plaintiffs' motion therefore sought expedited discovery in conjunction with the preliminary injunction proceedings requiring Defendants to produce the federal agency ARRPs,

-3-

which have heretofore been kept secret, under Federal Rule 26(d). Add.197, D. Ct. Dkt. 37-2 at 5.

Defendants' opposition to the TRO argued, in relevant part, that the President and his implementing agencies were merely providing "guidance" to the other federal agencies—and *not* ordering or directing them to reorganize, to eliminate functions, or to engage in large-scale RIFs. Add.235 ("[N]either the Workforce Executive Order nor the Workforce Memorandum … dictates the results of agencies' decisionmaking processes."); *id.* at 237, 247, 269-72, 274, 276-77. Defendants also largely denied the relationship between the ARRPs and RIFs, Add.249, 254, and argued that Plaintiffs' allegations regarding imminent agency actions were "entirely speculative," Add.254, 265-66. The only objections that Defendants raised to disclosing the ARRPs in their 50-page TRO opposition were that Plaintiffs do not need the ARRPs and that the proper mechanism to obtain them is the Freedom of Information Act ("FOIA"). Add.281-82.

On May 9, 2025, after a lengthy hearing, the District Court issued a 14-day TRO and set a preliminary injunction hearing for Thursday, March 22, 2025. Add.406-08. Having reviewed the evidence submitted by Plaintiffs regarding these ARRPs and Defendants' actions, the District Court found that "the release of the ARRPs will significantly aid the Court's review of the merits of the[] APA claims." Add.403. Specifically, the court explained that "more information" was "require[d] … to evaluate the individual ARRPs and what roles OMB, OPM, and DOGE have played in shaping them," and that "[t]he timelines required to be in the ARRPs will be particularly useful to the Court as it determines whether further

-4-

prompt action is necessary." Add.405-06.  The District Court therefore "order[ed] … disclosure [of the ARRPs and related documents] under the Court's inherent powers to manage discovery production," and found "it appropriate to order this production on an expedited discovery basis," by May 13, 2025.  *Id.*[1]

On the evening of May 11, Defendants filed a motion for a protective order or reconsideration in the District Court, seeking relief from the requirement to produce ARRPs based on the deliberative process privilege, and requested an "immediate administrative stay" with respect to the Tuesday deadline.  Add.409-422.  Defendants' assertion of the privilege was supported by a single, perfunctory declaration from an OMB advisor.  *See id.*  As Plaintiffs had advised Defendants that they would do, Plaintiffs responded by asking the District Court to schedule briefing on Defendants' request and to postpone the Tuesday deadline until resolution of Defendants' motion.  D. Ct. Dkt. 90.

Without waiting for the District Court to act, the next morning, Defendants filed a mandamus petition and an emergency stay motion in this Court.[2]  That

---

[1] Specifically, the District Court ordered production and filing of "(1) the versions of all defendant agency ARRPs submitted to OMB and OPM, (2) the versions of all agency ARRPs submitted to OMB and OPM, (3) any agency applications for waivers of statutorily-mandated RIF notice periods, and (4) any responses by OMB or OPM to such waiver requests, by 4:00 p.m. (PDT) on Tuesday, May 13, 2025."  Add.406 (emphasis removed).  Defendants have not argued to the District Court that the third and fourth categories are covered by the deliberative process privilege.

[2] Defendants also filed their emergency stay motion in 9th Cir. Case No. 25-3030, which is their appeal of the TRO.  Defendants' arguments regarding the TRO are addressed in Plaintiffs' separate response filed in Case No. 25-3030.

-5-

afternoon, the District Court set a briefing schedule on Defendants' motion for a protective order or reconsideration and ruled that Defendants would not be required to produce any documents until after the District Court ruled on their motion. 9th Cir. No. 25-3034, Dkt. 6.1.

After briefing, on Thursday, May 15, the District Court issued an order reconsidering its earlier discovery order. Supp.Add.2. The court noted that "the parties characterize the contents of the ARRPs in starkly different terms" and that "[t]o assess whether the deliberative process privilege applies to the ARRPs …, the Court would benefit from a better understanding of their contents." Supp.Add.4. It therefore ordered Defendants to provide to the court for *in camera* review the ARRPs of four federal agency defendants by Monday, May 19 and stated that it would hear argument on the deliberative process privilege issue at the May 22 preliminary injunction hearing. Supp.Add.4-5. The court also required Defendants to provide the four ARRPs to Plaintiffs' counsel, and entered a protective order prohibiting Plaintiffs' counsel from disclosing the documents to their clients or anyone else. Supp.Add.5.

Despite these developments, including the District Court's reconsideration, Defendants did not withdraw their stay motion or their (now outdated) mandamus petition. Instead, without awaiting resolution of the discovery and privilege issues by either the District Court or this Court, the next morning, May 16, Defendants filed an emergency stay application in the United States Supreme Court, seeking review of the TRO and the discovery rulings. As relates to the latter, Defendants acknowledged the District Court's reconsideration of its original order but warned

-6-

that "the district court could at any moment reinstate its order for the government to disclose internal executive-branch documents that are protected by the deliberative-process privilege" and argued that "if the court ultimately orders disclosure of these materials, that would be the type of clear and indisputable error that warrants mandamus relief." Application for Stay, U.S. Supreme Court No. 24A1106 (May 16, 2025) at 34-35.

## STANDARD

A stay pending appeal is an "extraordinary request." *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021) (citations omitted). It is "'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). In deciding a motion to stay pending a mandamus petition, this Court applies the *Nken* factors: likelihood of success on appeal; irreparable injury absent a stay; whether a stay will injure other parties; and the public interest. *Nken*, 556 U.S. at 434; *e.g.*, *In re Toma*, 2023 WL 8183567, at *1 (9th Cir. Oct. 12, 2023) (applying *Nken* factors). A stay applicant has the burden to establish likely irreparable injury in the absence of a stay, *Al Otro Lado*, 952 F.3d at 1007 (citing *Nken*, 556 U.S. at 434), and if it fails to do so, "a stay may not issue," regardless of the other factors, *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020).

## DISCUSSION

### A. No Urgency or Irreparable Injury Requires Issuance of an Emergency Stay

The basis for Defendants' emergency stay request (the May 13 production deadline originally set by the District Court) has been stayed and superseded. Even if Defendants' conclusory declaration were sufficient to demonstrate that irreparable injury would result from the disclosure the District Court originally ordered,[3] the District Court reconsidered its May 9 discovery order, relieved Defendants of any obligation to comply with that order, and will rule on Defendants' privilege assertion following its *in camera* review of a limited set of documents and oral argument on the applicability of the privilege. *Supra* at 5-6. Thus, no public disclosure of the ARRPs is imminent and no immediate action by this Court is needed.

After the May 22 hearing, the District Court may rule in favor of Defendants' privilege assertion, thereby mooting this writ petition completely; it may modify its order, also mooting the writ petition (at least in part); or it may reaffirm its original order with modified or additional reasoning, rendering moot the arguments on which Defendants' petition is based. As a result, Defendants

---

[3] Defendants' declaration contains a single conclusory and speculative paragraph stating that "ARRPs include highly sensitive information that would seriously undermine agency operations if they were released." Add.421 ¶4. It posits, for example, that the disclosure of reorganization plans "*might* seriously hurt agency recruitment and retention if released." *Id.* (emphasis added); *see also infra* at 19-20.

-8-

cannot possibly meet their burden to establish likely irreparable injury, and so their emergency motion should be summarily denied.

Without irreparable harm, there is no basis for this Court to issue an emergency stay. *See Doe #1*, 957 F.3d at 1058. Indeed, such a stay would be counterproductive. Not only would it prevent the District Court from receiving the information that it believes necessary to fully assess Defendants' qualified privilege claims, but it would deprive this Court of the benefit of a fully informed decision to review on any future (proper) appeal.

**B.     Mandamus is Unlikely to Be Granted**

Mandamus is a "drastic and extraordinary remedy." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quotation omitted). Only "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Id.* (citations and quotations omitted). Mandamus lies only where the petitioner has "no other adequate means to attain the relief," the right to the writ is "clear and indisputable," and the appellate court is satisfied that the writ is appropriate under the circumstances. *Id.* at 380-81 (quotation omitted).

"Generally, this standard makes the writ unavailable in the discovery context for two important reasons." *In re Perez*, 749 F.3d 849, 854 (9th Cir. 2014). "First, this court is particularly reluctant to interfere with a district court's day-to-day management of its cases." *Id.* Second, "[b]ecause the district court has discretion to control discovery, it is hardly ever the case that a petitioner's right to a particular

-9-

result is 'clear and indisputable.'" *Id.* (quoting *Cheney*, 542 U.S. at 380-81); *see also* Fed. R. Civ. P. 26(d) (allowing expedited discovery for "good cause").

As a threshold matter, Defendants' mandamus petition is improper because there is plainly another "adequate means … to secure relief": the District Court's pending decision on the deliberative process privilege may provide Defendants the same relief they seek here. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005). That is dispositive.

Aside from that, the District Court's order was not "clearly erroneous as a matter of law." *Id.* (quotations omitted). The primary contention of Defendants' mandamus petition—that the District Court failed to consider the qualified deliberative process privilege—is simply not true. The District Court has received full briefing on the matter, issued an order requesting limited *in camera* review in order to better understand the ARRPs, and set the matter for hearing.[4] And it remains far from "clear and indisputable" that the ARRPs are subject to a qualified

---

[4] The District Court's initial May 9, 2025 Order did not analyze the deliberative process privilege because Defendants had not adequately asserted the privilege at the time. While, as noted, Defendants' brief did at one point characterize the ARRPs as "deliberative agency planning documents," Add.254, it did so as part of Defendants' arguments against a TRO; Defendants did not did not raise the deliberative process privilege in their argument opposing production of the ARRPs. Add.281-82; *cf. United States v. Gonzalez–Flores,* 418 F.3d 1093, 1100 n.4 (9th Cir. 2005) ("Issues raised in a brief which are not supported by argument are deemed abandoned.") (quotation omitted); *Ochoa v. Davis*, 50 F.4th 865, 891 n.2 (9th Cir. 2022) (same). Nor did Defendants' counsel argue the privilege during oral argument. While Plaintiffs do not ask this Court to find that the issue was waived or forfeited, the District Court certainly cannot be faulted for failing to "address[]" the deliberative process "concerns or engage[e] in any balancing analysis" given this history. Mot. 22.

deliberative process privilege that outweighs the need for production in this litigation. *In re Perez*, 749 F.3d at 854. Thus, the very high standard for mandamus will not be met.

### 1. The ARRPs are relevant to the litigation

Although Defendants' mandamus petition disputes the ARRPs' relevance, District Courts have "broad discretion in determining relevancy for discovery purposes." *Pizzuto*, __F.4th__, 2025 WL 1391454, at *10. Plaintiffs' position in this litigation is that the President, through his EO and implementing agencies OMB and OPM, has engaged in unlawful top-down reorganization of the federal government, including by ordering agencies to engage in categorical, large-scale RIFs and eliminate all programs identified by the President. Add.116-27, 156-58. OMB/OPM's Memo directs all federal agencies to submit ARRPs implementing the EO, including by eliminating functions and conducting large-scale RIFs, for review and approval, to OMB and OPM, by deadlines that have already passed (March 13 and April 14). Add.121, 123-24. Agencies have begun to implement the actions that OMB and OPM required be set forth in these ARRPs, and OMB and OPM have been approving or, in some cases, disapproving ARRPs submitted by the agencies and actions taken pursuant to those plans. *See* Add.57-72, 159, 374-75.[5] Defendants, on the other hand, deny that the President and his implementing agencies are ordering or directing such actions at all, and argue that

---

[5] For example, OMB and OPM rejected the first ARRP submitted by NLRB, which stated that the NLRB would not engage in any RIFs because its employees are essential to the agency's mission. Add.170-71.

-11-

they are merely providing guidance to federal agencies as to how the agencies should exercise their discretion. *See*, *e.g.*, Add.235, 237, 246-47, 269-71, 274, 276.

Thus, as the District Court explained, ARRPs are important evidence regarding a key factual dispute: the extent to which federal agencies are subject to and following the central directives of the EO and OMB and OPM (as Plaintiffs contend) or are instead exercising their own discretion to engage in the RIFs identified in the ARRPs (as Defendants contend). Supp.Add.1-2.

Furthermore, it appears that OMB and OPM have *already approved* a substantial number of ARRPs. The approved ARRPs are likely to reveal actual or imminent actions by the federal agencies, including the scope of and timeline for those actions. This information will aid the Court's consideration of preliminary injunctive relief. Defendants cannot on the one hand object that Plaintiffs' allegations regarding actual and imminent agency action, painstakingly culled from agency statements and other public information, are "speculative," *e.g.*, Add.266, 280, while at the same time withholding the very documents that would reveal those actions.[6] At most, Defendants can claim a qualified privilege, which must be balanced against the needs of the litigation. District Courts are asked to engage in careful and probing analysis of the need for injunctive relief and should not be deprived of the means to obtain directly relevant evidence that pertains to the need for and appropriate scope of that relief.

---

[6] The RIF and reorganization plans in the ARRPs are relevant to showing standing and imminent irreparable harm, which Defendants have challenged. Plaintiffs assert harms from impending staffing and program cuts that will terminate their members' employment and remove vital government services.

-12-

ARRPs thus easily clear the low threshold of being "relevant to any party's claim or defense" and are discoverable under Federal Rule of Procedure 26(b)(1), as the District Court expressly found, Add.403.

**2.    The District Court's measured order requiring limited disclosure for *in camera* review was appropriate, not error**

After Defendants filed their mandamus petition and motion to stay, the District Court reconsidered the order that Defendants challenge.  The District Court's reconsideration order is not properly before this Court, because the order postdates both Defendants' petition and their stay motion.  At any rate, the District Court certainly did not err when, on reconsideration, it required *in camera* review of a limited set of highly relevant documents to aid the court's assessment of Defendant's belatedly asserted deliberative privilege objection.  *In camera* review is a common and appropriate procedure for assessing privilege claims.  *See, e.g.*, *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 405-06 (1976) ("[T]his Court has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege."); *cf. Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 983 (9th Cir. 2009) ("Our *in camera* review of the document confirms that it is predecisional for the purposes of the deliberative process privilege.").

Reviewing the four ARRPs will help the District Court determine whether the deliberative process privilege applies at all.  The deliberative process privilege permits the government to withhold "documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which

-13-

government decisions and policies are formulated." *FTC v. Warner Commc'ns*, 742 F.2d 1156, 1161 (9th Cir. 1984). To qualify for the qualified privilege, a document must be both (1) predecisional, having been "generated before the adoption of an agency's policy or decision," and (2) deliberative in nature, "containing opinions, recommendations, or advice about agency policies." *Id*. The deliberative process privilege does not protect facts unless the withholding party shows that they are interwoven with deliberative material and not segregable. *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008).[7]

The District Court explained that it could not decide whether the ARRPs were predecisional or deliberative without *in camera* review. As the court explained, "the parties characterize the contents of the ARRPs in starkly different terms." Supp.Add.4. While the declaration that Defendants submitted portrayed the ARRPs as nonbinding, never final, and highly sensitive, Plaintiffs presented evidence (including the cover page of a Phase 2 ARRP from a non-defendant agency, Supp.Add.27-28) "suggest[ing] the plans are final agency decisions that have led to quick, tangible actions with widespread effects" and did not contain "highly sensitive information" as Defendants' declarant claimed. Supp.Add.4.[8]

---

[7] *Pacific Fisheries* and other FOIA cases that address deliberative process privilege under FOIA Exemption Five are relevant here because that FOIA exemption "incorporates the privileges available to Government agencies in civil litigation." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021).

[8] The declaration Defendants submitted on May 11 did not establish the privilege with the required specificity. A deliberative process privilege claim requires "(1) a formal claim of privilege by the head of the department having

-14-

Thus, "[t]o assess whether the deliberative process privilege applies to the ARRPs …, the Court would benefit from a better understanding of their contents." *Id.* Accordingly, it was eminently reasonable for the District Court to order *in camera* review.

Moreover, even if Defendants were correct in arguing that the deliberative process privilege applies, the privilege is a qualified one that may be overridden if the litigant's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner Commc'ns*, 742 F.2d at 1161. And in deciding whether to override the privilege, "the relevance of the evidence" is the first consideration. *Id.* Thus, the District Court would need to review the documents for this reason as well.

Finally, although Plaintiffs' counsel will also receive the four ARRPs, the District Court prohibited Plaintiffs' counsel from disclosing the ARRPs to any third

---

control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (quotation omitted). But Defendants' assertion of the privilege, over more than a dozen agencies' ARRPs, was supported only by a single declaration, from an OMB advisor, that did not state that he personally considered or reviewed any of the ARRPs at issue or display any awareness of the specifics of any ARRP at all. Add.420. Instead, he provided generalized characterizations about the purported contents of ARRPs and their alleged nature as "living documents," which are insufficient to support the privilege. Add.421 ¶6. Moreover, the declaration's generalized assertions were inconsistent with the actual ARRP that Plaintiffs recently obtained. In light of Defendants' failure to support their privilege claim, the District Court's order for *in camera* review was perfectly reasonable.

party or even to their clients. Supp.Add.5. Such a limited disclosure, narrowly tailored to the purpose of assessing the privilege, is not "likely to adversely affect the purposes of the privilege," *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980), which is to "promote frank and independent discussion among those responsible for making governmental decisions," *Warner Commc'ns*, 742 F.2d at 1161. And this restriction eliminates Defendants' other asserted (yet unsubstantiated) fears—that federal employees or job applicants may learn of the agencies' plans to cut staffing or that unions may be exposed to agency collective bargaining strategies. *See infra* at 19-20. Without irreparable harm, there can be no basis for this Court to issue an emergency stay.

### 3. An order requiring disclosure of all the ARRPs would not be erroneous either

Even if the District Court were to eventually order disclosure of all of the ARRPs, and to remove the restrictions on their disclosure, that would also not be erroneous.

First, Defendants did not establish that the ARRPs are predecisional. Certainly, those ARRPs that have already been approved by OMB and OPM cannot be characterized as such.[9] While Defendants argue that ARRPs are "never final" (and so, apparently, will *always* be predecisional), Add.412, that contradicts the factual record, which shows that ARRPs were subject to two deadlines for

---

[9] One federal agency disclosed both the March 13 and the April 14 ARRP to its employees' union, presumably because they were approved and so no longer predecisional. Supp.Add.27-28.

submission and approval (which have both passed), that they are subject to a further implementation deadline of September 30, 2025 (Add.212), and that the implementation of many ARRPs is already underway and resulting in immediate harms. Add.57-98, 159-76, 374-75, 379-83.[10] The possibility of future change does not make a document pre-decisional. "[Defendants'] argument proves far too much. Any memorandum always will be 'predecisional' if referenced to a decision that possibly may be made at some undisclosed time in the future." *Assembly of State of Cal. v. U.S. Dep't of Com.*, 968 F.2d 916, 921 (9th Cir. 1992), *as amended on denial of reh'g* (Sept. 17, 1992).

Second, Defendants did not show that any of the ARRPs, whether approved or not, are deliberative. Deliberative documents "contain[] opinions, recommendations, or advice about agency policies," *Warner Commc'ns*, 742 F.2d at 1161, that "reveal the mental processes of decision-makers," *Assembly of State of Cal.*, 968 F.2d at 921. ARRPs do no such thing. OMB and OPM's Memo sets forth the required elements that an ARRP must contain, including (as discussed *infra* at 18) substantial factual material and a list of RIFs and reorganization measures that comply with the EO's categorical requirements for staffing cuts. Add.123-26. Because ARRPs implement a mandatory reorganization directive by the President, as well as further directives by OMB and OPM, they do not "reflect[] the give-and-take of the consultative process." *Coastal States Gas Corp.*,

---

[10] To the extent the Government contends that ARRPs are predecisional with respect to the decision by OMB and OPM to approve each ARRP, that necessarily concedes that OMB and OPM are in fact exercising unlawful decision-making power over agencies. *See* Add.398-400.

617 F.2d at 866. Plaintiffs did not, for example, request agencies' *drafts* of ARRPs; Plaintiffs asked for disclosure of the ARRPs submitted for OMB and OPM approval.

Further, significant components of the ARRPs are purely factual, as required by the OMB/OPM Memo (e.g., identifying agency subcomponents and offices categorized as non-essential during government shutdowns, which is the EO's baseline for determining cuts, Add.123-24). This factual content is also demonstrated by the ARRP that Plaintiffs have been able to obtain. *See* Supp.Add.28. The "Agency ARRP Phase 2 Cover Sheet," for example, appears to be a template OMB/OPM spreadsheet in which agencies fill in factual information, including about whether there is a planned hiring freeze and the number of probationary employees at the agency. *See id.*[11] This and other similar factual material is not deliberative in nature and so is not shielded by the privilege. *Pac. Fisheries, Inc.*, 539 F.3d at 1148.

Third, as noted, deliberative process is a qualified privilege that can be overridden if the litigant's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner Commc'ns*, 742 F.2d at 1161. In deciding whether to override the privilege, courts consider "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would

---

[11] That agency appears to have produced this cover sheet as the entire Phase 2 ARRP. Supp.Add.27-28. But even if it is not the entire Phase 2 ARRP, at the very least there is no basis at all to withhold these factual cover sheets.

hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*[12] As to the first criteria, ARRPs are highly relevant. *See supra* at 11-12. "[T]he second and third criteria [also] favor Plaintiffs. The evidence sought is … exclusively[] under Defendants' control, and the government—the Executive—is a party to and the focus of the litigation." *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019).[13]

And as to the fourth and final criteria, Defendants have made no specific showing of harm from disclosure. "To test whether disclosure of a document is likely to adversely affect the purposes of the privilege, courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States Gas Corp.*, 617 F.2d at 866. Defendants and their lone declarant repeat the boilerplate statement that ARRPs contain "highly sensitive information," Mot. 23; Add.421 ¶4, but without any explanation of the basis for that claim or how much of the information in ARRPs can be characterized as such, or any factually grounded reason to believe that the declarant's boilerplate assertion is true for all ARRPs for the dozen-plus agencies at issue in this case. *See Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021) ("A perfunctory statement that disclosure of all the withheld information—regardless of category or

---

[12] Evaluation of those four factors is within the district court's "wide latitude in controlling discovery." *Pizzuto*, __F.4th__, 2025 WL 1391454, at *10.

[13] Other than the cited example, the government has refused to reveal the ARRPs to federal employees, their labor representatives, the public, or even in response to requests by Congress. Add.52-56 ¶¶175–88.

-19-

substance—would jeopardize the free exchange of information … will not suffice.") (cleaned up); *see also In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).  Indeed, the ARRP obtained by Plaintiffs simply reveals the extent of Defendants' unlawful plans to transform the government.  Harm to one's legal position is not cognizable harm.

Defendants also speculate that disclosure "might make recruitment or employee retention more difficult."  Mot. 23; Add.421 ¶4.  But "agencies must concretely explain how disclosure 'would'—not 'could'—adversely impair *internal deliberations*."  *Reps. Comm. for Freedom of the Press*, 3 F.4th at 369–70 (emphasis added).  Suffice it to say this assertion misses the mark for many reasons, including the entire context of the radical dismantling of the federal workforce that is the subject of this case.

## CONCLUSION

The Court should deny Defendants' motion for an emergency stay pending disposition of their mandamus petition.

DATED:  May 19, 2025          Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151

By: */s/ Stacey Leyton* _____

*Attorneys for Real Parties in Interest-Plaintiff Organizations*[14]

Elena Goldstein
Skye Perryman
Tsuki Hoshijima
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090

By: */s/ Elena Goldstein* _____

---

[14] Real Parties in Interest-Plaintiff Organizations are the American Federation of Government Employees, AFL-CIO (AFGE); American Federation of State County and Municipal Employees, AFL-CIO; Service Employees International Union, AFL-CIO (SEIU); AFGE Local 1122; AFGE Local 1236; AFGE Local 2110; AFGE Local 3172; SEIU Local 1000; Alliance of Retired Americans; American Geophysical Union; American Public Health Association; Center for Taxpayer Rights; Coalition to Protect America's National Parks; Common Defense Civic Engagement; Main Street Alliance; Natural Resources Defense Council, Inc. (NRDC); Northeast Organic Farming Association, Inc; VoteVets Action Fund Inc.; and Western Watersheds Project.

-21-

*Attorneys for Real Parties in Interest-Plaintiff Organizations (except NRDC) and for City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038
Erica J. Newland
Jacek Pruski
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel.: (202) 579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

*Attorneys for Real Parties in Interest-Plaintiff Organizations (except NRDC)*

Norman L. Eisen
Spencer W. Klein
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel.: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

*Attorneys for Real Parties in Interest-Plaintiff Organizations (except NRDC)*

Rushab Sanghvi
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, DC 20001
Tel.: (202) 639-6426

-22-

Sanghr@afge.org

*Attorney for Real Party in Interest-Plaintiff American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson
Matthew Blumin
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel.: (202) 775-5900
Tpaterson@afscme.org
Mblumin@afscme.org

*Attorneys for Real Party in Interest-Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel.: (202) 730-7428
steven.ury@seiu.org

*Attorney for Real Party in Interest-Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu
City Attorney
Yvonne R. Meré
Chief Deputy City Attorney
Mollie M. Lee
Chief of Strategic Advocacy
Sara J. Eisenberg
Chief of Complex and Affirmative Litigation

-23-

Molly J. Alarcon
Alexander J. Holtzman
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ David Chiu* _____

*Attorneys for Real Party in Interest-Plaintiff City
and County of San Francisco*

Tony LoPresti
COUNTY COUNSEL
Kavita Narayan
Meredith A. Johnson
Raphael N. Rajendra
Hannah M. Godbey
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel.: (408) 299-5900

By: */s/ Tony LoPresti* _____

*Attorneys for Real Party in Interest-Plaintiff
County of Santa Clara, Calif.*

David J. Hackett
General Counsel to King County Executive &
Special Deputy Prosecutor
Alison Holcomb
Deputy General Counsel to King County
Executive & Special Deputy Prosecutor
Erin King-Clancy
Senior Deputy Prosecuting Attorney

-24-

OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
Tel.: (206) 477-9483
david.hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

*Attorneys for Real Party in Interest-Plaintiff*
*Martin Luther King, Jr. County (King County)*

Sharanya Mohan
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel.: (510) 738-6788
sai@publicrightsproject.org

*Attorney for Real Parties in Interest-Plaintiffs*
*Baltimore, MD; Chicago, IL; Harris County, TX;*
*and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne
Deputy County Attorney and First Assistant
Tiffany Bingham
Managing Counsel
Sarah Utley
Division Director – Environmental Division
Bethany Dwyer
Deputy Division Director – Environmental
Division
R. Chan Tysor
Senior Assistant County Attorney
Alexandra "Alex" Keiser
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

-25-

Tel.: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscountytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

*Attorneys for Real Party in Interest-Plaintiff
Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane
Rebecca A. Hirsch
Lucy Prather
City of Chicago Department of Law,
Affirmative Litigation Division
121 N. LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel.: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

*Attorneys for Real Party in Interest-Plaintiff City
of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel.: (410) 396-3947
sara.gross@baltimorecity.gov

-26-

*Attorneys for Real Party in Interest-Plaintiff City of Baltimore*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it is proportionally spaced and has a typeface of 14 points. It contains 5,267 words, in compliance with the type-volume limitations of Circuit Rules 27-1(1)(d), 32-3(2), and 32-2(b), as a joint brief submitted by the separately represented parties of Plaintiff Organizations, the County of Santa Clara, and the City and County of San Francisco.

Dated: May 19, 2025                    */s/ Stacey M. Leyton*
                                       Stacey M. Leyton

**FILER'S ATTESTATION**

Pursuant to Circuit Rule 25-5(f), the filer attests that all other signatories

to this document concur in the content of, and have authorized, this filing.

Dated: May 19, 2025                    */s/ Stacey M. Leyton*
                                       Stacey M. Leyton